JOHN W. McANTIRE et al., Respondents, v. J. A. HEWITT, Appellant.

### Kansas City Court of Appeals, May 2, 1898.

Appellate Practice: NEW TRIAL: NEWLY DISCOVERED EVIDENCE: ABSTRACT. The appellate court must indulge the presumption that the judgment below is correct until overthrown by error made to appear by appellant, and where the trial court refuses to grant a new trial on the ground of newly discovered evidence the abstract should not only show the new evidence but also the original evidence.

*Appeal from the Jasper Circuit Court.*—HON. J. D. PERKINS, Judge.

AFFIRMED.

CUNNINGHAM & DOLAN for appellant.

(1) The newly discovered evidence was not cumulative. Howland v. Reeves, 25 Mo. App. 458. The court erred in overruling the motion of appellant for a new trial. By the newly discovered evidence it is sought to prove such knowledge by the admission of Craycroft, which would be an entirely new kind of evidence, for no evidence of the admissions by Craycroft was offered at the trial, hence it would not be cumulative. Howland v. Reeves, 25 Mo. App. 458; State v.

Baily, 94 Mo. 311; State v. Murray, 91 Mo. 103; Gra. & Wat. New Trials, 1053, 1054, 1055, 1056, 1057; State v. Moberly, 121 Mo. 604; Graham & Waterman on New Trials, 172. It does not fall within the rule of merely impeaching testimony. State v. Murray, 91 Mo. 103.

THOMAS & HACKNEY for respondents.

(1) Before the court could determine the correctness or the error of the ruling of the trial court, it must first learn what was testified to by the witnesses on the trial. The appellant's abstract of the record does not contain a line of the evidence, either in substance or *in haec verba*, nor does it disclose even the names of the witnesses who were examined on the trial. In re Redding Bros., 31 Mo. App. 428; Bank v. Davidson, 40 Mo. App. 421; Goodson v. R'y, 23 Mo. App. 82; Nolan v. Johns, 126 Mo. 167; Jayne v. Wine, 98 Mo. 404; Brand v. Cannon, 118 Mo. 595.

ELLISON, J.—This action is based on an account for legal services rendered by plaintiffs for defendant. The verdict and judgment in the trial court were for plaintiffs.

The only ground of complaint made here is that the court erred in refusing to grant defendant a new trial on account of newly discovered evidence; such evidence accompanying the motion in the shape of affidavits of different persons.

It is the practice as well as the duty of appellate courts to presume that the action of the trial court was correct and to indulge in this presumption until it is overthrown by error made to appear by the complaining party. The defendant has set out for our consideration

several affidavits reciting newly discovered evidence. But he has, singularly enough, omitted to place before the court any part of the original evidence in the cause. This should have been done in order that we might pass on the pertinency of the newly discovered evidence and ascertain if it be merely cumulative. As it is the defendant fails utterly to make error appear in the action of the court and hence we affirm the judgment. All concur.